UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE MINA-VENTE,

v.                                    Case No. 8:21-cr-238-VMC-SPF
                                              8:25-cv-2692-VMC-SPF

UNITED STATES OF AMERICA.

_____/

**ORDER**

On September 29, 2025, Jose Mina-Vente, proceeding pro se, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 190). The United States of America moved to dismiss the 2255 Motion as untimely on November 3, 2025. (Civ. Doc. # 4). Mr. Mina-Vente filed a "Motion for Summary Judgment in Reply to United States' Motion to Dismiss § 2255 Motion to Vacate Sentence," which the Court construes as a response in opposition to the Motion to Dismiss. (Civ. Doc. # 5). For the reasons that follow, the Motion to Dismiss is granted and the 2255 Motion is dismissed as untimely.

I.   **Background**

In November 2021, pursuant to a plea agreement, Mr. Mina-Vente pled guilty to conspiracy to possess with intent to distribute five kilograms or more of a substance or mixture

1

containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States. (Crim. Doc. ## 49, 60, 61, 64). The Court sentenced him to 104 months' imprisonment. (Crim. Doc. ## 102, 103). Mr. Mina-Vente's judgment of conviction was entered on February 27, 2022. (Crim. Doc. # 103). Mr. Mina-Vente did not appeal.

Years later, on September 29, 2025, Mr. Mina-Vente filed the instant 2255 Motion, raising a claim of ineffective assistance of counsel. (Civ. Doc. # 1; Crim. Doc. # 190). He argues his counsel was ineffective because "at no time during his representation, did [] defense counsel conduct any inquiry into determining whether or not [Mr. Mina-Vente] had agreed to transport cocaine." (Civ. Doc. # 1-1 at 2). Had defense counsel "conducted such an inquiry, [Mr. Mina-Vente] would have informed him of the fact that [he] agreed to transport 49 kilograms of 'marihuana,' and not 'cocaine.'" (Id.).

Now, the United States moves to dismiss the Section 2255 Motion as untimely. (Civ. Doc. # 4). Mr. Mina-Vente has responded. (Civ. Doc. # 5). The Section 2255 Motion and the Motion to Dismiss are ripe for review.

2

II.  **Discussion**

"The [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, *inter alia,* 'the date on which the judgment of conviction becomes final.'" Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires." Id.

In certain other circumstances, the one-year statute of limitations runs from (1) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4). None of these circumstances is present here.

3

Judgment was entered in this case on February 27, 2022. (Crim. Doc. # 103). Under Federal Rule of Appellate Procedure 5(b)(1)(A), Mr. Mina-Vente had fourteen days — until March 14, 2022 — to file a notice of appeal. Fed. R. App. P. 5(b)(1)(A). But Mr. Mina-Vente did not file a notice of appeal. Thus, Mr. Mina-Vente's judgment of conviction became final on March 14, 2022. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on March 15, 2023. Salley v. United States, No. 8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023). But Mr. Mina-Vente did not file the instant 2255 Motion until September 29, 2025 — over two years after the deadline. (Civ. Doc. # 1; Crim. Doc. # 190). Thus, the 2255 Motion is untimely under Section 2255(f)(1).

Mr. Mina-Vente attempts to avoid this conclusion by arguing his Motion is timely under Section 2255(f)(4) because "the date of the discovery of the facts supporting his claims" was July 15, 2025, which is within one year of his filing his Section 2255 Motion. (Civ. Doc. # 5 at 2-3). In his affidavit, he avers that, "since [his] conviction, [he has] been diligently researching the facts and laws surrounding [his] conviction." (Civ. Doc. # 1-1 at 6). Nevertheless, Mr. Mina-Vente did not realize he had "a viable claim of Sixth

4

Amendment violation" until July 15, 2025, when he "came across the case entitled" Strickland v. Washington, 466 U.S. 668 (1984). (Id. at 6-7). Strickland made Mr. Mina-Vente "realize that the counsel guaranteed by the Sixth Amendment has a duty to conduct reasonable investigation into the charges." (Id. at 6). "[W]ithout undue delay after these discoveries, [Mr. Mina-Vente] drafted the present § 2255 Motion and Affidavits, and filed them immediately." (Id. at 7). He argues that the fact that Strickland predates his conviction by decades "does not conclusively show that [he] did not exercise 'due diligence' in discovering Strickland." (Civ. Doc. #5-1 at 2).

This argument is unpersuasive. Section 2255(f)(4) provides that the one-year limitations period may begin to run on "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added). "Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010). Mr. Mina-Vente does not identify any new facts he discovered. He only identifies the discovery

5

of a legal opinion, which does not trigger the limitations period under Section 2255(f)(4). See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) ("Given that the vast majority of prisoners could, like Pollard does before us, allege ignorance of the law until an illuminating conversation with an attorney or fellow prisoner, Pollard's alternative construction - that legal norms constitute 'facts' for the purposes of [Section 2255(f)(4)] - would in effect write the statute of limitations out of AEDPA, rendering it a nullity. This we will not do."); United States v. Azubuike, 267 F. App'x 731, 732 (10th Cir. 2008) ("Mr. Azubuike does not actually point to any *facts* that he could not have discovered at the time of his conviction that serve as the basis of his ineffective assistance of counsel claim. Rather, he points to *laws* that he did not discover until July 2007 purportedly suggesting that he may have received ineffective assistance of counsel. But the availability of a Section 2255(f)(4) limitations period is expressly limited to cases where 'facts' - not law - are newly discovered.").

Finally, Mr. Mina-Vente has not established entitlement to equitable tolling. "Because equitable tolling is an extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v.

6

Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation and internal quotation marks omitted). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (citation omitted).

Mr. Mina-Vente does not raise an argument for equitable tolling, instead only arguing that his Motion was timely. Furthermore, his late discovery of Strickland and its progeny is not the sort of exceptional circumstance that warrants equitable tolling. Courts in the Eleventh Circuit "have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013). "As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Id. (citation omitted).

The United States's Motion to Dismiss is granted and Mr. Mina-Vente's 2255 Motion is dismissed as untimely.

### III. **Evidentiary Hearing**

As the Court readily determined that Mr. Mina-Vente's Motion was untimely, no evidentiary hearing is required. See

28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV.  Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Mina-Vente has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Mina-Vente to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Mina-Vente shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The United States of America's Motion to Dismiss (Civ. Doc. # 4) is **GRANTED.**

(2)    Jose Mina-Vente's pro se 28 U.S.C. § 2255 Motion to

Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1;

Crim. Doc. # 190) is **DISMISSED** as untimely.

(3)    The Clerk is directed to enter judgment accordingly and

close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

11th day of February, 2026.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE